# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WOODRUFF & SONS, INC.,**

      **Plaintiff,**

**v.**                                                    **Case No.  8:11-cv-1096-T-30TBM**

**THE COVENANT SERVICES GROUP, LLC,**

      **Defendant.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 4) and Plaintiff's Response in opposition (Dkt. 7).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

The sole basis for Defendant's motion is that this action is governed exclusively by the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiff's complaint alleges a breach of contract claim against Defendant under Florida law.  Plaintiff provided an employee benefit plan, pursuant to which Plaintiff served as the plan administrator.  The parties entered into a Claims Administration Services Agreement (the "Agreement") dated May 1, 2004, whereby Defendant was to perform certain ministerial, non-discretionary duties as a third-party claims administrator of Plaintiff's employee benefit plan.   Under the Agreement, Defendant was responsible for procuring and administering stop loss insurance

coverage[1] and timely submitting Plaintiff's aggregate claim under the stop loss policy. Plaintiff alleges that Defendant failed to meet the stop loss policy's deadline to submit the aggregate claim and, as a result, Plaintiff's aggregate claim was denied.

As an initial matter, the Court observes that the plan established by Plaintiff for the benefit of its employees and their dependents is an employee benefit plan governed by ERISA. The parties do not dispute this fact. And ERISA comprehensively regulates such plans, and toward that end, includes a broad preemption provision. Specifically, under ERISA, "any and all state laws," whether they be laws aimed at employee benefit plans or merely generally applicable laws, are preempted "insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). But while ERISA preemption is broad, it is not limitless. And it does not extend to state causes of action that affect employee benefit plans in "too tenuous, remote, or peripheral a manner." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 (1983).

Here, Plaintiff's breach of contract claim relates to the recovery of monetary damages for Defendant's alleged failure to timely file an aggregate claim relating to Plaintiff's stop loss policy. There are no allegations in this case seeking any ERISA benefits, enforcement of any provision of the ERISA plan, or requesting any equitable relief arising under ERISA or the ERISA plan against any alleged ERISA entities. Accordingly, ERISA preemption does not apply to the facts of this case.

---

[1] "Stop loss insurance is acquired by a self-insurer to protect against excessive claims. A stop loss insurer reimburses a self-insured for all or an agreed upon portion of actual claims that exceed an amount preset by the insurer and self-insured." *Reich v. Lancaster,* 55 F.3d 1034, 1040-41 n. 4 (5th Cir. 1995).

The cases relied upon in Plaintiff's response are directly on point.  *See Bank of Louisiana v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 241 (5th Cir. 2006); *Skilstaf, Inc. v. Adminitron, Inc.*, 66 F. Supp. 2d 1210 (M.D. Ala. 1999); *Union Healthcare, Inc. v. John Alden Life Ins. Co.*, 908 F. Supp. 429 (S.D. Miss. 1995).[2]

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss (Dkt. 4) is DENIED.

2.      Defendant shall file an answer to Plaintiff's complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1096.mtdismiss4.frm

---

[2] Notably, the cases Defendant relies upon in its motion pertain to claims brought by employees and beneficiaries of ERISA plans.